IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| Decatur Hospitality, Inc., | § | Case No. 10-20171-rlj-11 |
| | § | Chapter 11 Proceeding |
| | § | |
| Debtor. | § | |

**MOTION FOR AUTHORIZATION TO INCUR POST-PETITION FINANCING**

**NOTICE**

NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT P. O. BOX 15960, AMARILLO, TX 79105-0960 BEFORE THE CLOSE OF BUSINESS **TWELVE DAYS FROM THE SERVICE OF THIS MOTION**. IF SERVICE IS BY MAIL, THREE ADDITIONAL DAYS ARE ALLOWED PURSUANT TO FED.R. BANKR.P. 9006 (f).

ANY RESPONSE MUST BE IN WRITING, FILED WITH THE CLERK AND A COPY SERVED UPON COUNSEL FOR THE MOVING PARTY WITHIN THE TIME DESCRIBED ABOVE. IF NO RESPONSE IS TIMELY FILED, THE RELIEF REQUESTED SHALL BE DEEMED UNOPPOSED AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT.

**IF A RESPONSE IS FILED A FINAL HEARING ON THE MOTION WILL BE HELD AT 1:30 PM ON APRIL 15, 2010 IN ROOM 100, 624 SOUTH POLK ST., AMARILLO, TEXAS 79101-2389.**

TO THE HONORABLE ROBERT L. JONES, Bankruptcy Judge:

Decatur Hospitality, Inc. ("DHI"), the debtor in possession in the above-captioned case ("Debtor" or "Debtor in Possession"), moves the Court for an order authorizing Debtor to incur post-petition financing through Interstate Bank, located in Amarillo, Texas. Debtor respectfully represents to the Court as follows:

**I.**
**JURISDICTION AND BACKGROUND**

1. On March 12, 2010 ("Petition Date"), Debtor filed its voluntary petition under Chapter

11 of the Bankruptcy Code. Debtor is managing its business and affairs pursuant to Bankruptcy Code §§ 1107 - 08.

2. This motion is filed under 11 U.S.C. § 364(d).

3. This is a core proceeding under 28 U.S.C. § 157(b).

4. No trustee has been appointed, and DHI remains as Debtor in Possession.

5. Debtor is in the final stages of completion of a business in Wise County, Texas, named the Baymont Inn & Suites ("Baymont Inn").

6. The purpose of the business is to provide temporary lodging to persons visiting or traveling through the areas in and around Wise County, Texas.

## II.
### FINANCING HISTORY

7. Over the past 2 years, DHI has entered into Promissory Notes with IB in order to obtain loans to be used in constructing the Baymont Inn.

8. On the Petition Date, Debtor believes it was indebted to IB for approximately $2,700,000.00.

9. On the Petition Date, Debtor's debt to IB was secured by the following: (1) the real property upon which the Baymont Inn is currently being constructed, more specifically described in that certain Deed of Trust, Security Agreement and Financing Statement, recorded at Volume 1951, Page 591, Official Records of Wise County, Texas ("Baymont Property"); (2) any and all improvements on the Baymont Property; (3) all equipment, fixtures, furnishings, inventory and personal property located on the Baymont Property; (4) all rents, revenues, profits or other benefits of the Baymont Property; and (5) an absolute assignment of all rents, issues, income, receipts and profits from the Baymont Property.

## III.
### NECESSITY OF POST-PETITION FINANCING

10. Debtor anticipates that the Baymont Inn can be completed and operational within 4 to 6 weeks of resuming construction. However, Debtor does not have the funds necessary to complete the

Baymont Inn. Accordingly, Debtor must incur post-petition financing in order to complete the Baymont Inn and begin operating same.

11. Debtor believes operation of the Baymont Inn will benefit the bankruptcy estate and all creditors thereof. IB has expressed a willingness to provide Debtor with post-petition financing: (1) with the terms and conditions of such financing as determined by the parties ("DIP Financing Loan Documents"); and (2) provided that all liens arising out of funds disbursed pursuant to the DIP Financing Loan Documents be provided priority under 11 U.S.C. § 364(d) and secured by a priority lien and security interest in the property described in the DIP Financing Loan Documents, together with newly acquired accounts receivable, contract rights and cash.

12. Post-petition financing is necessary for Debtor to complete construction of the Baymont Inn. In the absence of post-petition financing, Debtor will not be able to complete the Baymont Inn, and therefore, not continue to operate, which would result in the liquidation of Debtor's remaining asset, same being the Baymont Property. Such a liquidation would minimize the extent to which Debtor can realize full value of the Baymont Property.

## IV.
### REQUIRED CAPITAL

13. Attached is a copy of Debtor's Construction Budget (Exhibit "A"). In order to finish construction and open the Baymont Inn, Debtor will require approximately $116,000.00 of post-petition financing.

14. Debtor anticipates that its plan of reorganization will provide for the payment of the entire amount of the IB's indebtednesses. Debtor believes that its business operations are subject to reorganization.

15. Debtor believes the terms described above and to be governed by the post-petition loan documents are the only available means to obtain post-petition financing. Thus, to avoid immediate and irreparable harm to the estate, Debtor requests authorization to enter into a post-petition financing agreement with IB.

**WHEREFORE**, Debtor respectfully requests the Court to enter an Order authorizing Debtor to incur post-petition financing from IB in the amount of $116,000.00. Debtor asks for such other and further relief as the Court may deem necessary and proper.

Dated: **3/30/2010**

        Respectfully submitted,

        Kinkead Law Offices
        6937 S. Bell, Suite G
        Amarillo, TX  79109
        (806) 353-2129; (806) 353-4370 (FAX)

        By: **/s/ Bill Kinkead**
        Bill Kinkead
        State Bar No. 11477400
        *ATTORNEY FOR DEBTOR*

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of March, 2010, a true and correct copy of the above and foregoing was served electronically or mailed in the United States mail, postage prepaid, to the following:

| **Debtor:** | **Parties Requesting Notice:** |
|---|---|
| Decatur Hospitality Inc.<br>1424 Riverside Rd.<br>Roanoke, Texas  75262-4409 | David Jones, Esq.<br>SPROUSE SHRADER SMITH P.C.<br>P.O. Box 15008<br>Amarillo, Texas  79105-5008 |
| **U. S. Trustee:** | |
| Office of United States Trustee<br>1100 Commerce Street, Room 976<br>Dallas, Texas  75242 | Don D. Sunderland, Esq.<br>MULLIN HOARD & BROWN, LLP<br>P.O. Box 31656<br>Amarillo, Texas  79105-1656 |

        **/s/ Bill Kinkead**
        Bill Kinkead

| Baymont Inn & Suites Decatur Texas | Cost to Finish the Project | EXHIBIT A |
|---|---:|---|
| Electrical | $ 9,500.00 | |
| Sprinklar system | $ 5,500.00 | |
| Fire Alarm system | $ 10,000.00 | |
| Phone system and Internet | $ 7,500.00 | |
| Security system | $ 3,500.00 | |
| Landscaping | $ 7,500.00 | |
| Side walk as per drawing | $ 9,000.00 | |
| Sign installation | $ 4,500.00 | |
| Contract labour | $ 12,000.00 | |
| Springkler system | $ 22,000.00 | |
| Elevator installation with change order | $ 20,000.00 | |
| Pool finish | $ 5,000.00 | |
| **Total** | **$ 116,000.00** | |